

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CR-36-1BO(3)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | INDICTMENT |
| WARREN REED ) | |
| ) | |

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Caledonia Correctional Institution ("Caledonia") is a prison located in Halifax, North Carolina, and is part of the North Carolina Department of Corrections ("DOC"). DOC falls under the umbrella of the North Carolina Department of Public Safety ("DPS").

2. DPS policies prohibit employees from engaging in certain conduct, including:

   a. Making gifts or performing personal services for inmates;

   b. Conversing with inmates via telephones;

   c. Selling or giving inmates any intoxicating drink, barbiturate or stimulant drug, or narcotic;

   d. Giving inmates tobacco or mobile cellular devices; and

   e. Possessing, using, or distributing tobacco products, paraphernalia, or lighting devices while on the grounds of a facility.

DPS policies further provide that "[i]f an employee is contacted by the family or close associates of an inmate, the employee will report this fact to his superior at the earliest practicable time."

3. Defendant WARREN REED was a Correctional Officer working at Caledonia, where his responsibilities included supervising inmates and ensuring a safe, secure prison operation. By virtue of his position at Caledonia, REED was a DPS employee and public official. REED used his position to take official acts and act in violation of his lawful duty by smuggling contraband into Caledonia in exchange for payments from inmates and their associates.

## COUNT ONE
### (Extortion Under Color of Official Right)

4. Paragraphs 1 through 3 are re-alleged and incorporated herein by reference.

5. On or about January 30, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, WARREN REED, did knowingly and unlawfully obstruct, delay, and affect in any way and degree interstate commerce and the movement of articles and commodities in commerce by extortion under color of official right, and did attempt to do so, as those terms are defined in Title 18, United States Code, Section 1951, that is, in return for smuggling contraband into Caledonia, specifically placebo pills that REED believed to contain oxycodone, REED obtained property, a monetary payment, not due him or his office, from another person, with their consent, under color of official right.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
### (Attempted Possession with Intent to Distribute)

6. Paragraphs 1 through 3 are re-alleged and incorporated herein by reference.

7. On or about January 30, 2019, in the Eastern District of North Carolina and elsewhere, the defendant, WARREN REED, did knowingly and intentionally attempt to possess with the intent to distribute a quantity of oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2

## NOTICE OF FORFEITURE
## (18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(a); 28 U.S.C. § 2461(c))

8. The allegations of this Indictment are re-alleged and incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(a); and Title 28, United States Code, Section 2461(c).

9. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States gives notice to the defendant, WARREN REED, that upon conviction of any of the offenses charged in this Indictment, any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, shall be forfeited to the United States.

10. The defendant, WARREN REED, is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture in the approximate value that each gained from the offenses of conviction.

11. The defendant, WARREN REED, is notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty,

3

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property described above, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

_____
GRAND JURY FOREPERSON

Date: May 11, 2021

COREY R. AMUNDSON
Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

BY: _____
REBECCA M. SCHUMAN
Trial Attorney

_____
LAUREN E. BRITSCH
Trial Attorney